IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JOHN PYLE,<br><br>    *Plaintiff,*<br><br>    v.<br><br>GETTY IMAGES (US), INC.; ART.COM, INC.; PHOTO FILE, INC.,<br><br>    *Defendants*. | Case No.16-cv-1647 (JGK)<br><br>Hon. John G. Koeltl<br><br>ECF Case<br>Electronically Filed |

**MEMORANDUM OF LAW IN SUPPORT OF**
**PLAINTIFF'S MOTION TO STAY**

Kevin P. McCulloch
Nate A. Kleinman
The McCulloch Law Firm, PLLC
155 East 56th Street
New York, New York 10022
T: (212) 355-6050
F: (646) 308-1178
kevin@mccullochiplaw.com
nate@mccullochiplaw.com

July 8, 2016                                                        *Attorneys for Plaintiff*

# INTRODUCTION

Plaintiff John Pyle ("Plaintiff"), by and through undersigned counsel, hereby submits this Memorandum of Law in support of his Motion to Stay this action pending the United States Copyright Office's registration of Plaintiff's copyrights in additional photographs for which Plaintiff intends to include claims in his amended pleadings.

Documents produced by Defendant Getty Images (US) Inc. ("Getty Images") on June 10, 2016 acknowledged that additional photographs ("Additional Photographs") also were copied, published, and made available for licensing by Getty Images without Plaintiff's authorization. Plaintiff is the sole author and owner of all copyrights in these Additional Photographs. However, Plaintiff's copyrights in certain Additional Photographs were not previously registered with the Copyright Office. Following Getty Images' disclosure of this information, Plaintiff promptly filed applications with the U.S. Copyright Office to register his copyrights in any previously unregistered photographs. Although Plaintiff has submitted his registrations, the Copyright Office has not yet approved those registrations. Because the Copyright Office has not yet approved Plaintiff's registration application, Plaintiff requests that the Court stay the proceedings in this action pending the Copyright Office's approval of Plaintiff's registrations so that Plaintiff may include claims related to his copyrights in these Additional Photographs in his amended pleadings.

# FACTUAL BACKGROUND

As Plaintiff's counsel previously advised the Court during the scheduling conference held on June 13, 2016, Plaintiff intends to amend his complaint to include claims for copyright infringement related to the Additional Photographs that were copied, published, distributed, and otherwise used by the Defendants without his permission. On June 10, 2016, counsel for Defendant Getty Images (US), Inc. ("Getty Images") provided information identifying

1

Additional Photographs that were available – unbeknownst to Plaintiff – to Getty Images and published on its online licensing channels. (McCulloch Decl. ¶ 3, Ex. 1) This information was in Getty Images' sole possession and not readily available to Plaintiff prior to his filing suit. Getty Images also resisted providing this information for over three months.

Specifically, on March 8, 2016, Plaintiff's counsel sent an e-mail to Lizanne Vaughan, Vice President and Corporate Counsel for Getty Images, and Heather Cameron, Director and Senior Paralegal for Getty Images, requesting that Getty Images provide a "report of all of the Pyle photos supplied to Getty Images by XOS or USC and any licenses granted to any customers." (*Id*. ¶ 2.) Later that same day, Plaintiff's counsel reiterated this request in another e-mail to Vaughan and Cameron, stating:

> I also am concerned that Getty Images has many more Pyle photos in its possession and that it has been licensing those photos as well. Mr. Pyle was not aware that Getty Images had obtained any other photos. As I indicated below, I would appreciate Getty Images' cooperating with our investigation by providing me with a list of Mr. Pyle's photos and any related licenses. Please let me know if Getty Images will cooperate with this demand for information.

(*Id*.) Plaintiff's counsel reiterated this demand to Getty Images numerous times since then, but Getty Images did not provide the requested information until June 10, 2016. (*Id*.)

Plaintiff is the sole author and owner of all copyrights in these Additional Photographs. However, Plaintiff's copyrights in certain Additional Photographs were not previously registered with the Copyright Office. Following receipt of this information from Getty Images, Plaintiff promptly registered his copyright claims with the U.S. Copyright Office for all previously unregistered photographs. In order to expedite the processing of his registration, Plaintiff filed his registrations online through the "electronic Copyright Office" ("eCO") submission procedure. (*Id.* ¶ 4.) Although Plaintiff has submitted his registrations, the Copyright Office has not yet approved those registrations or issued formal certificates of registration. Therefore,

Plaintiff requests that the Court stay the proceedings in this action until the Copyright Office approves his registrations.

The Copyright Office does not inform registrants of the likely time period in which to expect a decision on the application, but Plaintiff's counsel's experience has been that the Copyright Office will take action on an electronically-submitted application within two months (McCulloch Decl. ¶ 4), so Plaintiff expects action from the Copyright Office by the end of August.

Three days prior to filing this Motion, Plaintiff's counsel requested that counsel for Defendants advise as to whether the Defendants would consent to a stay of proceedings but opposing counsel did respond to that inquiry.  (*Id.* ¶ 5.)

## GROUNDS FOR RELIEF

### I.   STANDARD FOR GRANTING A STAY APPLICATION.

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."  *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936); *see also Royal Park Investments SA/NV v. Bank of Am. Corp.*, 941 F. Supp. 2d. 367, 369 (S.D.N.Y. 2013) ("It is well settled that district courts have the power to stay proceedings.").  In deciding whether a stay is appropriate, the Court must "exercise [its] judgment, which must weigh competing interests and maintain an even balance."  *Landis*, 299 U.S. at 254-55.  Factors to consider include "(1) the private interests of the plaintiffs in proceeding expeditiously with the civil litigation as balanced against the prejudice to the plaintiffs if delayed; (2) the private interests of and burden on the defendants; (3) the interests of the courts; (4) the interests of persons not parties to the civil litigation; and (5) the public interest."  *Wing Shing Prods. (BVI) Ltd. v. Simatelex Manufactory Co.*, No. 01-1044(RJH)(HBP), 2005 WL 912184, at *1 (S.D.N.Y. Apr. 19, 2005).

3

## II. A STAY IS WARRANTED.

### A. Copyright Registration Is A Statutory Precondition For Asserting Claims Of Infringement.

Section 411(a) of the Copyright Act requires that "registration of the copyright claim" is a statutory precondition to instituting an action for infringement under of the Copyright Act. 17 U.S.C. § 411(a) ("[N]o civil action for infringement of the copyright . . . shall be instituted until preregistration or registration of the copyright claim has been made."); *Reed Elsevier, Inc. v. Muchnick*, 559 U.S. 154, 166 (2010) ("Section 411(a) imposes a type of precondition to suit that supports nonjurisdictional treatment under our precedents.").

Because it is not a jurisdictional restriction and for equitable and other reasons, other Circuits have held that the filing of a registration is sufficient to meet this statutory requirement. *See, e.g.*, *Cosmetic Ideas, Inc. v. IAC/ InteractiveCorp*, 606 F.3d 612 (9th Cir. 2010); *Chicago Bd. of Educ. v. Substance, Inc.*, 354 F.3d 624, 631 (7th Cir. 2003); *Apple Barrel Prods., Inc. v. Beard*, 730 F.2d 384, 386 (5th Cir. 1984). Prior Second Circuit decisions also suggested *in dicta* that merely "filing for registration" was sufficient to meet the requirements of Section 411(a). *See In re Literary Works in Electronic Databases Copyright Litig.*, 509 F.3d 116, 124 n.5 (2d Cir. 2007), *abrogated on other grounds by Reed Elsevier*, 559 U.S. at 166. More recent decisions, however, have made clear that the issue remains an open question in this Circuit. *See Psihoyos v. John Wiley & Sons, Inc.*, 748 F.3d 120, 125-26 (2d Cir. 2014) ("We need not resolve the dispute or otherwise embroil ourselves in this circuit split[.]").

While Plaintiff and his counsel believe that the law and equity both support the rule adopted by other Circuits that application for registration is sufficient to meet the requirements for filing claims, this District generally requires that a copyright application be approved (not merely filed) in order to proceed with filing suit. *See Accurate Grading Quality Assur., Inc. v.*

4

*Thorpe*, No. 12 Civ. 1343(ALC), 2013 WL 1234836, at *7 (S.D.N.Y. Mar. 26, 2013) ("While not strictly a jurisdictional requirement, section § 411(a) nonetheless requires copyright registration as a precondition to a copyright claims [sic]."); *DO Denim, LLC v. Fried Denim, Inc.*, 634 F.Supp.2d 403, 406 (S.D.N.Y. 2009) (holding mere filing of a copyright application itself does not fulfill Section 411(a) requirement). This Court also has held that the filing of a registration application for additional photographs is not sufficient to permit a party to include claims related to those works in an amended pleading. *See Muench Photography, Inc. v. Houghton Mifflin Harcourt Pub. Co.*, No. 09 CV 2669 (LAP), 2012 WL 1021535, at *2 (S.D.N.Y. March 26, 2012) ("The Court finds that the three images for which copyright registrations were pending at the time the First Amended Complaint was filed fail the 17 U.S.C. § 411(a) registration requirement."). Instead, this Court has concluded that "the typical and proper practice" is to "stay the proceedings" in order to allow the copyright plaintiff to fulfill the statutory requirements for bringing suit. *Senisi v. John Wiley & Sons, Inc*., No. 13 CV 3314 (LTS), 2016 WL 1045560, at *3 (S.D.N.Y. March 15, 2016).

Although Plaintiff and his counsel do not necessarily agree that this is the best or most efficient approach, we also are cognizant that filing an amended complaint to assert claims related to works for which a copyright registration has not yet been approved could give rise to a motion to dismiss by Defendants that would lead to needless motions practice. Indeed, such a motion may very well be mooted by a Copyright Office approval before the Court even rules on such a motion. Rather than needlessly increasing the costs of this litigation and in the interest of judicial economy, Plaintiff instead requests that the Court stay this action pending the Copyright Office's approval of his copyright registrations. Although not ideal, a stay of the proceedings will allow the Copyright Office to take action on Plaintiff's registration filings while also

5

avoiding the Court having to address the significant and unresolved legal question of whether a plaintiff's filing of a registration with the Copyright Office is, as Plaintiff believes, sufficient to satisfy Section 411(a)'s "registration of the copyright claim" requirement.  A stay is warranted here because the only alternative (other than litigating the underlying legal question) would be for Plaintiff to proceed with his claims in this action related to the one photograph identified in the complaint and, after the Copyright Office approves his registrations, to initiate a second lawsuit against these same Defendants related to the Additional Photographs.  This alternative of serial litigation is even more inefficient and also contrary to the rationale behind allowing liberal amendments to pleadings, which is to "promote[] judicial economy by making it possible to dispose of all contentions between parties in one lawsuit."  *Bilt–Rite Steel Buck Corp. v. Duncan's Welding & Corr. Equip., Inc.*, No. 90-CV-311 (TCP), 1990 WL 129970, at *1 (E.D.N.Y. Aug. 24, 1990).  Allowing Plaintiff to amend the complaint after his registrations are approved saves all parties and the Court valuable time and resources.  *See Wilson v. Famatex GmbH Fabrik*, 726 F. Supp. 950, 952 (S.D.N.Y. 1989) ("If joinder is not permitted, a multiplicity of lawsuits may ensue, resulting in extra expense to the parties, the waste of judicial resources and the possibility of conflicting outcomes in separate proceedings involving common questions of law and fact.").

      **B.**    **Defendants Have No Basis To Oppose A Stay.**

As noted above, Plaintiff's counsel requested that the Defendants consent to a stay on July 5, three days prior to filing this Motion, but opposing counsel ignored that inquiry.  It thus is unclear whether Defendants will oppose the requested relief.  If they do, any objection based on alleged delay or prejudice would be baseless.

Plaintiff acted diligently in filing his copyright registrations upon receiving the necessary information for doing so from Getty Images, and any delay in doing so was entirely the result of Getty Images' inexplicable reluctance in providing Plaintiff the information regarding the Additional Photographs that were copied and published without permission. Because any delay was caused by Getty Images, it cannot claim prejudice. *See*, *e.g.*, *Sysco Food Serv. of Metro New York, LLC v. Jekyll & Hyde, Inc.*, No. 08 CIV. 2958 BSJ JCF, 2011 WL 3586452, at *4 (S.D.N.Y. Aug. 9, 2011) (holding that plaintiff did not unduly delay and there is no prejudice where "defendants' obstructionistic [sic] tactics have been largely responsible for the timing of this motion to amend"); *State Farm Mut. Auto. Ins. Co. v. CPT Med. Servs., P.C.*, 246 F.R.D. 143, 147 (E.D.N.Y. 2007) (finding no prejudice where delay was "due in part to the noncompliance of defendants in responding to discovery requests"); *Journal Pub. Co. v. Am. Home Assur. Co.*, 771 F. Supp. 632, 637 (S.D.N.Y. 1991) (same).

## CONCLUSION

For the forgoing reasons, Plaintiff's motion to stay should be GRANTED.

Dated:  July 8, 2016

By: _____
Kevin P. McCulloch
Nate Kleinman
The McCulloch Law Firm, PLLC
155 East 56th Street
New York, New York 10022
T: (212) 355-6050
F: (646) 308-1178
kevin@mccullochiplaw.com
nate@mccullochiplaw.com

*Attorneys for Plaintiff*

7