

October 14, 2016

**VIA ECF**

Hon. Gabirel W. Gorenstein, U.S.M.J.
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St., Courtroom 6B
New York, NY 10007-1312

   **RE:** *Pyle v. Getty Images (US), Inc., et al.,* **Case No. 16-cv-1647 (JGK)(GWG)**

Dear Judge Gorenstein,

This firm is counsel for Plaintiff John Pyle ("Plaintiff") in the above-referenced matter. I write to request a continuance of the settlement conference currently scheduled for October 31, 2016. (Dkt. No. 48.)

This case involves Plaintiff's claims for copyright infringement against Defendants Getty Images (US), Inc. ("Getty Images"); Art.com, Inc. ("Art.com"); and Photo File, Inc. ("Photo File") (collectively "Defendants"). Plaintiff's claims involve photographs that he created of football games and players associated with the University of Southern California ("USC"). According to the Defendants' initial disclosures, Getty Images claims to have obtained Plaintiff's photographs from Collegiate Images and XOS Digital (collectively "XOS") and then provided copies of Plaintiff's photographs to Photo File which then provided copies of Art.com pursuant to alleged commercial license that USC allegedly approved. Defendants' initial disclosures also claim that XOS obtained copies of Plaintiffs' photographs from USC directly. USC, however, had no right or license to distribute copies of Plaintiff's photographs to XOS, let alone to grant commercial licenses to XOS or approve any commercial uses by the Defendants.

In light of these disclosures and based on the limited information and documents provided by Getty Images informally prior to discovery, Plaintiff previously advised the Court that he intends to amend his complaint to assert claims against USC, XOS, and other companies that obtained copies of Plaintiff's photographs from these parties and/or the Defendants. Prior to Plaintiff amending his complaint, however, Getty Images and USC disclosed that the scope of the infringing conduct actually is much broader than alleged in the complaint, and actually involves at least 36 additional photographs—and Plaintiff reasonably expects that this disclosure is incomplete given that this is the second time USC and Getty Images have disclosed that additional photographs were involved in this infringement. Because Plaintiff's copyrights in certain of the photographs involved in these previously undisclosed infringements were not registered with the U.S. Copyright Office, the Court agreed to stay this case (*see* Dkt. No. 46) to permit Plaintiff the opportunity to register his copyrights

in order to fulfill the Copyright Act's statutory requirements for bringing claims for infringement (*see* 17 U.S.C. § 412).

USC and XOS are necessary parties to this litigation because they are the primary actors who distributed Plaintiff's photographs to the other Defendants without permission. It also is likely that Defendants have or will assert claims for indemnification against USC and/or XOS. It thus is vital that USC and XOS participate in any settlement discussions and attend any settlement conferences. Nevertheless, counsel for USC has indicated that USC will not voluntarily agree to participate in the settlement conference. A continuance thus is necessary to allow Plaintiff an opportunity to move to reopen the case and join USC and XOS as named defendants.

Plaintiff's counsel conferred with counsel for Defendants regarding this request and we have been advised that Defendants do not oppose a continuance of the settlement conference or Plaintiff's request to have USC participate in the settlement conference. Plaintiff's counsel also advised USC that we intend to request a continuance and to move to add USC as a named defendant. Plaintiff's counsel has not had any direct communication with XOS to this point, but it is our understanding that USC, XOS, and Getty Images are all in communication regarding Plaintiff's claims and that Getty Images and XOS either intend to or have asserted claims for indemnification against USC. Good cause exists to continue to the conference as any settlement discussions would be ineffective without USC and XOS participating.

                                            Respectfully submitted,

                                            */s/ Kevin McCulloch*

                                            Kevin P. McCulloch
                                            The McCulloch Law Firm, PLLC
                                            155 East 56th Street
                                            New York, New York 10022
                                            T: (212) 355-6050
                                            F: (206) 219-6358
                                            kevin@mccullochiplaw.com